LOTTINGER, Judge.
This is an action ex contractu by plaintiff, J. Wiley Smith doing business as J. Wiley Smith, realtor, against defendant, Shile D. McCarty, Jr., for a real estate commission, attorney’s fees, and interest. From a judgment in favor of plaintiff, defendant has appealed.
FACTS
On September 8, 1980, defendant-seller accepted an offer from Dennis Ponsonby, and a purchase agreement was signed by the parties on that date. A real estate commission was fixed at six percent of the sale’s price ($39,900.00) and was the obligation of the seller. The purchase agreement also provided that the buyer was to obtain a loan, to be applied for on October 8,1980, at an interest rate of 10.95 percent. Additionally the agreement provided that the act of sale was to take place on or before November 14, 1980. The agreement specifically provided that:
“Time is of the essence in this contract. In the event of default by either party the non-defaulting party shall have the right to demand and sue for specific performance and/or damages. The defaulting party under this contract shall also be liable for the Realtor’s fees and all attorney’s fees and other costs incurred in the enforcement of any and all rights under this contract.”
The purchaser applied for a Mortgage Finance Authority (MFA) loan on October 8, 1980. The MFA loan was the only loan available at an interest rate of 10.95 percent, and the earliest date that same could be applied for was October 8. The loan was not approved as of November 14, 1980. Consequently, the purchase agreement lapsed and the sale was never consummated.
The branch manager of the mortgage company which accepted the application from the purchaser testified that the only difficulty she encountered in processing the loan was a delay experienced in obtaining the required appraisal of defendant’s house. On October 24,1980, she had everything she needed to put together the loan package, with the exception of the appraisal. By the time she actually received the appraisal on November 3, she had a backlog of other MFA loans waiting to be processed. MFA rules and regulations prohibited her from giving any purchaser’s loan a priority over other pending loans.
*402 The trial judge concluded in his oral reasons for judgment that because a MFA loan was the only one available at 10.95 percent interest, and that same could not be applied for prior to October 8, 1980, that both parties including the seller realized and understood that the loan was to be financed through the MFA program. He additionally concluded that the seller either refused or failed to cooperate with the purchaser in obtaining a timely appraisal of the subject property. Subsequent to the execution of the purchase agreement, seller had his telephone number changed to an unlisted number. Additionally, deadbolt locks secured the door of the subject house, preventing the use of a key in the possession of the real estate agent, and seller required that plaintiff and purchaser act through the seller’s father as an intermediary rather than dealing with him directly.
SPECIFICATIONS OF ERROR
Defendant-appellant contends the trial judge erred in finding that defendant breached his obligations under the purchase agreement, that plaintiff proved by a preponderance of the evidence that defendant was the cause of the act of sale not being passed before the expiration date, and in finding an obligation on the part of the seller to assist the purchaser in obtaining a mortgage loan.
I
In National Safe Corporation v. Benedict and Myrick, Incorporated, 371 So.2d 792 (La.1979), the Supreme Court enunciated the principles contained in La.C.C. arts. 1901, 1903, 1963 and 1965, as follows:
“[N]ot all obligations arising out of contract need be explicitly stated. Into all contracts, therefore, good faith performance is implied. Furthermore, everything that by equity is considered incidental to the particular contract, or necessary to carry it into effect, is also a part of all agreements.”
The seller has an obligation to cooperate with the purchaser in obtaining the necessary financing to consummate the purchase agreement. The obligation to cooperate includes the obligation to make that which is being sold readily available for appraisal. The appraisal of real estate pri- or to the approval by a lending institution of a loan is customary practice in all banks and lending institutions. Though the obligation to cooperate with a purchaser is not express as is the furnishing by the seller of the termite inspection certificate, as provided in the purchase agreement, the obligation to cooperate as far as the obtaining of an appraisal is implied. Otherwise, to allow the seller to thwart the efforts of the purchaser in fulfilling the requirements of the purchase agreement would afford the seller the opportunity to circumvent the purchase agreement without being liable for default.
The trial judge accepted the testimony of plaintiff’s witnesses, which testimony indicates that the defendant breached his obligations under the purchase agreement. By having an unlisted telephone number, by securing the house with deadbolt locks, and by forcing the plaintiff and purchaser to deal with the seller’s father, the defendant delayed the completion of the appraisal to such an extent that it became impossible for the loan to be approved in time for a November 14 closing.
II
The trial judge apparently found as fact that without the delay caused by the defendant, the loan would have been approved timely and the closing date set in the purchase agreement would have been met. We have studied the record carefully and agree with the conclusion reached by the trial judge.
It is clear that a realtor is entitled to receive a commission, even when the sale is never consummated, if he has procured a buyer ready, willing and able to purchase on the seller’s terms, and the failure to consummate the sale is due to the seller’s fault. The failure to consummate the sale in this case was due to the seller’s failure to cooperate in good faith.
*403 Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s costs.
AFFIRMED.